UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| AUTOMATED TRANSACTIONS LLC, | Case No. 12 Civ. 1977 (SHS) |
| *Plaintiff*, | ECF CASE |
| – vs – | |
| SUNOCO INC., | |
| *Defendant*. | |

## <u>ANSWER AND COUNTERCLAIMS OF DEFENDANT SUNOCO, INC.</u>

Defendant, Sunoco, Inc. ("Sunoco"), for its Answer and Counterclaims to Plaintiff

Automated Transactions LLC's ("ATL") First Amended Complaint ("FAC"), by its undersigned

attorneys, alleges as follows:

1.      Denies knowledge or information sufficient to form a belief as to the truth of the

allegations of paragraph 1 of the FAC, except admits upon information and belief that plaintiff

ATL purports to be a limited a liability company formed under the laws of the State of Delaware.

2.      Denies the allegations of paragraph 2 of the FAC except admits that Sunoco is a

public corporation that conducts business in this judicial district.

3.      Denies the allegations of paragraph 3 of the FAC, except admits that plaintiff

purports to bring this action pursuant to 35 U.S.C. § 101 *et seq.* but denies that plaintiff has

infringed any valid claim of any of the alleged patents.

4.      Admits the allegation of paragraph 4 of the FAC that the Court has jurisdiction

over patent claims but denies that defendant has infringed any valid claim of any of the alleged

patents.

5.      Admits that the venue is proper in this district for claims against defendant of alleged patent infringement but denies that defendant has infringed any valid claim of any of the alleged patents.

6.      Denies the allegations of paragraph 6 of the FAC, except admits that the '158 patent issued naming David M. Barcelou as the purported inventor and that Exhibit A purports to be a copy of said patent.

7.      Denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 7 of the FAC.

8.      Denies the allegations of paragraph 8 of the FAC, except refers the Court to the subject patent as issued for a true and correct statement of its alleged claims.

9.      Denies the allegations of paragraph 9 of the FAC.

10.     Denies, upon information and belief, the allegations of paragraph 10 of the FAC.

11.     Denies the allegations of paragraph 11 of the FAC, except admits that Cardtronics USA, Inc. ("Cardtronics") has placed ATMs in certain Sunoco branded retail locations and alleges that Cardtronics is solely and entirely responsible for the operation and maintenance of such ATMs and that Sunoco has no knowledge that said ATMs infringe any United States patents.

12.     Denies the allegations of paragraph 12 of the FAC.

13.     Denies the allegations of paragraph 13 of the FAC.

14.     Denies the allegations of paragraph 14 of the FAC, except admits that the '248 patent issued naming David M. Barcelou as the purported inventor and that Exhibit B purports to be a copy of said patent.

15.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 15 of the FAC.

16.     Denies the allegations of paragraph 16 of the FAC, except refers the Court to the subject patent as issued for a true and correct statement of its alleged claims.

17.     Denies the allegations of paragraph 17 of the FAC.

18.     Denies, upon information and belief, the allegations of paragraph 18 of the FAC.

19.     Denies the allegations of paragraph 19 of the FAC, except admits that Cardtronics has placed ATMs in certain Sunoco branded retail locations and alleges that Cardtronics is solely and entirely responsible for the operation and maintenance of such ATMs and that Sunoco has no knowledge that said ATMs infringe any United States patents.

20.     Denies the allegations of paragraph 20 of the FAC.

21.     Denies the allegations of paragraph 21 of the FAC.

22.     Denies the allegations of paragraph 22 of the FAC, except admits that the '677 patent issued naming David M. Barcelou as the purported inventor and that Exhibit C purports to be a copy of said patent.

23.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 23 of the FAC.

24.     Denies the allegations of paragraph 24 of the FAC, except refers the Court to the subject patent as issued for a true and correct statement of its alleged claims.

25.     Denies the allegations of paragraph 25 of the FAC.

26.     Denies, upon information and belief, the allegations of paragraph 26 of the FAC.

27.     Denies the allegations of paragraph 27 of the FAC, except admits that Cardtronics has placed ATMs in certain Sunoco branded retail locations and alleges that Cardtronics is solely

and entirely responsible for the operation and maintenance of such ATMs and that Sunoco has no knowledge that said ATMs infringe any United States patents.

28.     Denies the allegations of paragraph 28 of the FAC.

29.     Denies the allegations of paragraph 29 of the FAC.

30.     Denies the allegations of paragraph 30 of the FAC, except admits that the '220 patent issued naming David M. Barcelou as the purported inventor and that Exhibit D purports to be a copy of said patent.

31.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 31 of the FAC.

32.     Denies the allegations of paragraph 32 of the FAC, except refers the Court to the subject patent as issued for a true and correct statement of its alleged claims.

33.     Denies the allegations of paragraph 33 of the FAC.

34.     Denies, upon information and belief, the allegations of paragraph 34 of the FAC.

35.     Denies the allegations of paragraph 35 of the FAC, except admits that Cardtronics has placed ATMs in certain Sunoco branded retail locations and alleges that Cardtronics is solely and entirely responsible for the operation and maintenance of such ATMs and that Sunoco has no knowledge that said ATMs infringe any United States patents.

36.     Denies the allegations of paragraph 36 of the FAC.

37.     Denies the allegations of paragraph 37 of the FAC.

38.     Denies the allegations of paragraph 38 of the FAC, except admits that the '850 patent issued naming David M. Barcelou as the purported inventor and that Exhibit E purports to be a copy of said patent.

4

39.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 39 of the FAC.

40.     Denies the allegations of paragraph 40 of the FAC, except refers the Court to the subject patent as issued for a true and correct statement of its alleged claims.

41.     Denies the allegations of paragraph 41 of the FAC.

42.     Denies, upon information and belief, the allegations of paragraph 42 of the FAC.

43.     Denies the allegations of paragraph 43 of the FAC, except admits that Cardtronics has placed ATMs in certain Sunoco branded retail locations and alleges that Cardtronics is solely and entirely responsible for the operation and maintenance of such ATMs and that Sunoco has no knowledge that said ATMs infringe any United States patents.

44.     Denies the allegations of paragraph 44 of the FAC.

45.     Denies the allegations of paragraph 45 of the FAC.

46.     Denies the allegations of paragraph 46 of the FAC, except admits that the '420 patent issued naming David M. Barcelou as the purported inventor and that Exhibit F purports to be a copy of said patent.

47.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 47 of the FAC.

48.     Denies the allegations of paragraph 48 of the FAC, except refers the Court to the subject patent as issued for a true and correct statement of its alleged claims.

49.     Denies the allegations of paragraph 49 of the FAC.

50.     Denies, upon information and belief, the allegations of paragraph 50 of the FAC.

51.     Denies the allegations of paragraph 51 of the FAC, except admits that Cardtronics has placed ATMs in certain Sunoco branded retail locations and alleges that Cardtronics is solely

and entirely responsible for the operation and maintenance of such ATMs and that Sunoco has no knowledge that said ATMs infringe any United States patents.

52.     Denies the allegations of paragraph 52 of the FAC.

53.     Denies the allegations of paragraph 53 of the FAC.

54.     Denies the allegations of paragraph 54 of the FAC, except admits that the '251 patent issued naming David M. Barcelou as the purported inventor and that Exhibit G purports to be a copy of said patent.

55.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 55 of the FAC.

56.     Denies the allegations of paragraph 56 of the FAC, except refers the Court to the subject patent as issued for a true and correct statement of its alleged claims.

57.     Denies the allegations of paragraph 57 of the FAC.

58.     Denies, upon information and belief, the allegations of paragraph 58 of the FAC.

59.     Denies the allegations of paragraph 59 of the FAC, except admits that Cardtronics has placed ATMs in certain Sunoco branded retail locations and alleges that Cardtronics is solely and entirely responsible for the operation and maintenance of such ATMs and that Sunoco has no knowledge that said ATMs infringe any United States patents.

60.     Denies the allegations of paragraph 60 of the FAC.

61.     Denies the allegations of paragraph 61 of the FAC.

62.     Denies the allegations of paragraph 62 of the FAC, except admits that the '973 patent issued naming David M. Barcelou as the purported inventor and that Exhibit H purports to be a copy of said patent.

63.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 63 of the FAC.

64.     Denies the allegations of paragraph 64 of the FAC, except refers the Court to the subject patent as issued for a true and correct statement of its alleged claims.

65.     Denies the allegations of paragraph 65 of the FAC.

66.     Denies, upon information and belief, the allegations of paragraph 66 of the FAC.

67.     Denies the allegations of paragraph 67 of the FAC, except admits that Cardtronics has placed ATMs in certain Sunoco branded retail locations and alleges that Cardtronics is solely and entirely responsible for the operation and maintenance of such ATMs and that Sunoco has no knowledge that said ATMs infringe any United States patents.

68.     Denies the allegations of paragraph 68 of the FAC.

69.     Denies the allegations of paragraph 69 of the FAC.

70.     Denies the allegations of paragraph 70 of the FAC, except admits that the '444 patent issued naming David M. Barcelou as the purported inventor and that Exhibit I purports to be a copy of said patent.

71.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 71 of the FAC.

72.     Denies the allegations of paragraph 72 of the FAC, except refers the Court to the subject patent as issued for a true and correct statement of its alleged claims.

73.     Denies the allegations of paragraph 73 of the FAC.

74.     Denies, upon information and belief, the allegations of paragraph 74 of the FAC.

75.     Denies the allegations of paragraph 75 of the FAC, except admits that Cardtronics has placed ATMs in certain Sunoco branded retail locations and alleges that Cardtronics is solely

and entirely responsible for the operation and maintenance of such ATMs and that Sunoco has no knowledge that said ATMs infringe any United States patents.

76.     Denies the allegations of paragraph 76 of the FAC.

77.     Denies the allegations of paragraph 77 of the FAC.

78.     Denies the allegations of paragraph 78 of the FAC, except admits that the '830 patent issued naming David M. Barcelou as the purported inventor and that Exhibit J purports to be a copy of said patent.

79.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 79 of the FAC.

80.     Denies the allegations of paragraph 80 of the FAC, except refers the Court to the subject patent as issued for a true and correct statement of its alleged claims.

81.     Denies the allegations of paragraph 81 of the FAC.

82.     Denies, upon information and belief, the allegations of paragraph 82 of the FAC.

83.     Denies the allegations of paragraph 83 of the FAC, except admits that Cardtronics has placed ATMs in certain Sunoco branded retail locations and alleges that Cardtronics is solely and entirely responsible for the operation and maintenance of such ATMs and that Sunoco has no knowledge that said ATMs infringe any United States patents.

84.     Denies the allegations of paragraph 84 of the FAC.

85.     Denies the allegations of paragraph 85 of the FAC.

86.     Denies the allegations of paragraph 86 of the FAC, except admits that the '718 patent issued naming David M. Barcelou as the purported inventor and that Exhibit K purports to be a copy of said patent.

87.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 87 of the FAC.

88.     Denies the allegations of paragraph 88 of the FAC, except refers the Court to the subject patent as issued for a true and correct statement of its alleged claims.

89.     Denies the allegations of paragraph 89 of the FAC.

90.     Denies, upon information and belief, the allegations of paragraph 90 of the FAC.

91.     Denies the allegations of paragraph 91 of the FAC, except admits that Cardtronics has placed ATMs in certain Sunoco branded retail locations and alleges that Cardtronics is solely and entirely responsible for the operation and maintenance of such ATMs and that Sunoco has no knowledge that said ATMs infringe any United States patents.

92.     Denies the allegations of paragraph 92 of the FAC.

93.     Denies the allegations of paragraph 93 of the FAC.

94.     Denies the allegations of paragraph 94 of the FAC, except admits that the '101 patent issued naming David M. Barcelou as the purported inventor and that Exhibit L purports to be a copy of said patent.

95.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 95 of the FAC.

96.     Denies the allegations of paragraph 96 of the FAC, except refers the Court to the subject patent as issued for a true and correct statement of its alleged claims.

97.     Denies the allegations of paragraph 97 of the FAC.

98.     Denies, upon information and belief, the allegations of paragraph 98 of the FAC.

99.     Denies the allegations of paragraph 99 of the FAC, except admits that Cardtronics has placed ATMs in certain Sunoco branded retail locations and alleges that Cardtronics is solely

and entirely responsible for the operation and maintenance of such ATMs and that Sunoco has

no knowledge that said ATMs infringe any United States patents.

100.    Denies the allegations of paragraph 100 of the FAC.

101.    Denies the allegations of paragraph 101 of the FAC.

## FIRST DEFENSE

102.    The claims of the '158, '677, '220, '850, '420, '830, and '718 patents are invalid

for failure to comply with one or more of the conditions of patentability set forth in 35 U.S.C.

§101 *et seq.*, including without limitation, that the claims are invalid for obviousness of

combining an Internet connection with an ATM, as already finally determined against plaintiff

ATL by the Court of Appeals for the Federal Circuit, in the decision in *In re Transaction*

*Holdings Ltd., LLC, Docket 2011-1361 and ATL v. IYG Holding Co.*, and *Cardtronics USA, Inc.*,

Docket 2011-1492, Slip. Op. (Fed. Cir., April 23, 2012) (hereinafter "prior Actions"), affirming

the final decision of the United States Patent and Trademark Office rejecting on that ground

claims of U.S. Patent No. 6,945,457 (the "'457 Patent"), which is the parent of the aforesaid

seven patents, the claims of which contain the identical limitation already held finally invalid.

## SECOND DEFENSE

103.    The claims of the  '248, '251, '973, '444, and '101  patents are invalid for failure

to comply with one or more of the conditions of patentability set forth in 35 U.S.C. §101 *et seq.*,

including without limitation, that each is a child patent of the '457 Patent and the prosecution

history of the '457 Patent and its reexamination make clear that all the connections recited as

limitations in the claims of these five child patents existed in the prior art when the '457 Patent

application was filed.

## THIRD DEFENSE

104.    Defendant has not infringed, contributed to infringement by others, or induced others to infringe, and does not infringe, contribute to infringement by others or induce others to infringe any claim of the asserted patents.

## FOURTH DEFENSE

105.    Plaintiff's claims are barred in whole or in part for failure to give patent marking and notice under 35 U.S.C. § 287 and by the statute of limitations, 35 U.S.C. § 286.

## FIFTH DEFENSE

106.    The FAC fails to state a claim for relief against defendant on which relief may be granted.

## SIXTH DEFENSE

107.    Plaintiff is estopped based on statements made during the prosecution of the applications that led to the issuance of the asserted patents, or in the prosecution of the application leading to issuance of the '457 Patent and its reexamination, or other applications claiming priority therefrom, from asserting any interpretation of the claims of the asserted patents to read on any ATMs alleged herein to be infringing.

## SEVENTH DEFENSE

108.    The asserted claims are barred in whole or in part by prosecution laches because of unreasonable and unexplained delay in the prosecution of the asserted patents.

## EIGHTH DEFENSE

109.    Plaintiff lacks standing to bring suit on the asserted patents.

**NINTH DEFENSE**

110.    The asserted claims are barred in whole or in part by statutory double patenting and/or the doctrine of obviousness-type double patenting.

**TENTH DEFENSE**

111.    Plaintiff's claims are barred by the doctrines of laches, waiver, acquiescence and estoppel.

**ELEVENTH DEFENSE**

112.    Plaintiff is not entitled to injunctive relief because an adequate remedy at law exists for plaintiff's purported injury and plaintiff otherwise fails to meet the requirements for injunctive relief.

**TWELFTH DEFENSE**

113.    Plaintiff and its counsel have made contradictory representations  of material facts to the United States Patent and Trademark Office ("USPTO") and the Courts in which plaintiff has previously brought suit in connection with the claims asserted in this action.  In addition, if plaintiff had conducted a minimal pre-filing investigation of the accused ATMs, plaintiff would have known that they carry an identifying large label on the front of the ATM stating that "Cardtronics [is] the operator of this terminal" and that from such public inspection, the ATMs do not have the features in the claims of many of the asserted patents.   Further, since plaintiff knows from the prior Actions that Cardtronics ATMs are processed through a secure "private Cardtronics network [and] are not connected to the Internet" (Fed. Cir. Slip Op. at 11), there is no good faith basis to claim that any of the accused ATMs infringe any of the asserted patents requiring an Internet connection.  The prior Actions also confirmed that the claims of the

asserted patents based on combining an Internet connection with an ATM are obvious, as already finally determined against plaintiff ATL.

114.   Plaintiff was again informed of the aforesaid facts by a letter dated June 27, 2012 from defendant's attorney, William Thomashower, Esq. to plaintiff's attorney, Albert L. Jacobs, Esq. demanding that the FAC be withdrawn prior to answer, or plaintiff would be liable for sanctions and defendant's attorneys' fees.  However, plaintiff refused to withdraw the FAC, thus necessitating this Answer and Counterclaims.  By reason of the foregoing, this is an exceptional case under 35 U.S.C. § 285 and defendant is entitled to costs and attorneys' fees thereunder and otherwise to the extent allowed by law and the Federal Rules of Civil Procedure.

## COUNTERCLAIM AGAINST PLAINTIFF

Defendant, Sunoco, as counterclaim plaintiff, for its counterclaims against plaintiff, as counterclaim defendant, alleges as follows:

115.   Sunoco is a corporation organized and existing under the laws of the State of Pennsylvania and conducts business in multiple states, including New York.

116.   Upon information and belief, plaintiff and counterclaim defendant ATL is a limited a liability company formed under the laws of the State of Delaware.

117.   These counterclaims arise under the U.S. Patent Laws, 35 U.S.C. § 1 *et seq.*, and jurisdiction over the subject matter of this action is conferred on this Court by 28 U.S.C. §§ 1331, 1338(a), the Declaratory Judgment Act, pursuant to 28 U.S.C. § 2201 *et seq*.

118.   Venue is proper in this judicial district under 28 U.S.C. § 1391 in that ATL has submitted itself to jurisdiction and venue here by reason of the claims ATL has asserted in this action.

119.    ATL claims to be the exclusive licensee of the twelve (12) patents asserted in this action.

120.    ATL has brought this action against Sunoco alleging infringement of the asserted claims of the aforesaid twelve patents by reason of ATMs at Sunoco locations.

## AS AND FOR A FIRST CAUSE OF ACTION FOR DECLARATION OF INVALIDITY AND NON-INFRINGEMENT

121.    Counterclaim plaintiff Sunoco repeats and realleges paragraphs 115-120 of this counterclaim as if fully set forth herein.

122.     Counterclaim plaintiff Sunoco believes and therefore alleges that it does not now nor has it ever infringed any valid claim of the aforesaid asserted patents.

123.    Sunoco alleges that the aforesaid asserted patents are invalid and void under the provisions of 35 U.S.C. §101 *et seq.* Among other things, the claims are invalid for obviousness of combining an Internet connection with an ATM, as already finally determined against plaintiff ATL by the Court of Appeals for the Federal Circuit, in the decision in *In re Transaction Holdings Ltd., LLC*, Docket 2011-1361 and *ATL v. IYG Holding Co., and Cardtronics USA, Inc*., Docket 2011-1492, Slip. Op. (Fed. Cir., April 23, 2012) (hereinafter "prior Actions"), affirming the final decision of the United States Patent and Trademark Office rejecting on that ground claims of U.S. Patent No. 6,945,457 (the "'457 Patent"), which is the parent of seven of the aforesaid patents, the claims of which contain the identical limitation already finally held invalid.

124.    The claims of the '248, '251, '973, '444, and '101 patents are invalid for failure to comply with one or more of the conditions of patentability set forth in 35 U.S.C. §101 *et seq.*, including without limitation, that each is a child patent of the '457 Patent and the prosecution history of the '457 Patent and its reexamination make clear that all the connections recited as

limitations in the claims of these five child patents existed in the prior art when the '457 Patent application was filed.

125.    The prior Actions confirmed that the accused ATMs do not infringe any of the asserted patents requiring an Internet connection.   Moreover, the accused ATMs do not have the features in the claims of the asserted patents.

126.    The asserted patents are unenforceable due to fraud on the court on the grounds hereinabove set forth in paragraphs 113-114.

127.    By reason of the foregoing, there has been and is now an actual controversy between Sunoco and counterclaim defendant ATL as to the validity, enforceability and non-infringement of the asserted patents.

128.    By reason of the foregoing, this is an exceptional case entitling Sunoco to an award of reasonable attorney fees pursuant to 35 U.S.C. § 285.

**WHEREFORE**, Sunoco prays for a judgment against counterclaim defendant as follows:

A.    That the Court enter judgment in favor of Sunoco against ATL on its FAC and that ATL take nothing by its FAC;

B.    That the Court dismiss each of ATL's claims with prejudice;

C.    For judgment declaring that the patents asserted by ATL are invalid, void, unenforceable; and

D.    For judgment declaring that Sunoco has not infringed, contributed to infringement by others, or induced others to infringe any claim of the asserted patents;

E.     Declaring that this is an exceptional case under 35 U.S.C. § 285, based on the conduct of ATL in commencing and pursuing this action and that the Court award Sunoco reasonable attorneys' fees against ATL;

F.     Awarding Sunoco its costs, expenses and reasonable attorneys' fees as permitted by law; and

G.     Awarding Sunoco such other and further relief as the case may require and as the Court may deem just and proper.

SUNOCO DEMANDS A JURY TRIAL AS TO ALL ISSUES TRIABLE BY JURY.


Dated: New York, New York
        July 9, 2012

SCHWARTZ & THOMASHOWER LLP


By: s/ William Thomashower
     William Thomashower

15 Maiden Lane, Suite 705
New York, New York 10038-5120
Tel:  (212) 227-4300
Fax:  (212) 227-4311

*Attorneys for Defendant and Counterclaim Plaintiff,*
SUNOCO, INC.

16