UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------- x
                                                                 :
                                                                 :
AUTOMATED TRANSACTIONS LLC,                                      :   C.A. No. 12-cv-1977 (SHS)
                                                                 :
            *Plaintiff*,                                         :
                                                                 :
            - v. -                                               :
                                                                 :
SUNOCO INC.,                                                     :
                                                                 :
            *Defendant*.                                         :
                                                                 :
                                                                 :
---------------------------------------------------------------- x

## ANSWER TO COUNTERCLAIMS OF DEFENDANT SUNOCO, INC.

Plaintiff Automated Transactions LLC ("Automated Transactions") pleads as follows in response to the Counterclaim Against Plaintiff of Defendant Sunoco, Inc. ("Sunoco") as set forth in paragraphs 115-128 of the Answer and Counterclaims of Defendant Sunoco, Inc.:

1. Admits the allegation of paragraph 115 of the Answer and Counterclaims of Defendant Sunoco, Inc., that Sunoco is a corporation organized and existing under the laws of the State of Pennsylvania and conducts business in multiple states, including New York.

2. Admits the allegation of paragraph 116 of the Answer and Counterclaims of Defendant Sunoco, Inc., that Automated Transactions is a limited liability company formed under the laws of the State of Delaware.

3. Admits the allegation of paragraph 117 of the Answer and Counterclaims of Defendant Sunoco, Inc., that this Court has jurisdiction.

964229

4. Admits the allegation of paragraph 118 of the Answer and Counterclaims of Defendant Sunoco, Inc., that venue in this Court is proper.

5. Admits the allegation of paragraph 119 of the Answer and Counterclaims of Defendant Sunoco, Inc., that Automated Transactions is the exclusive licensee of the twelve (12) patents asserted in this action.

6. Admits the allegation of paragraph 120 of the Answer and Counterclaims of Defendant Sunoco, Inc., that Automated Transactions has brought this action against Sunoco because of Sunoco's infringement of the aforesaid twelve patents by reason of ATMs at Sunoco locations.

7. Counterclaim defendant Automated Transactions repeats and realleges the above paragraphs 1-6 in response to the allegations of paragraph 121 of the Answer and Counterclaims of Defendant Sunoco.

8. Denies the allegations of paragraph 122 of the Answer and Counterclaims of Defendant Sunoco.

9. Denies the allegations of paragraph 123 of the Answer and Counterclaims of Defendant Sunoco.

10. Denies the allegations of paragraph 124 of the Answer and Counterclaims of Defendant Sunoco.

11. Denies the allegations of paragraph 125 of the Answer and Counterclaims of Defendant Sunoco.

12. Denies the allegations of paragraph 126 of the Answer and Counterclaims of Defendant Sunoco, Inc., and with further respect to the allegations incorporated from paragraphs

113-114 of the Answer and Counterclaims of Defendant Sunoco, Inc., also denies those allegations.

13. Denies the allegations of paragraph 127 of the Answer and Counterclaims of Defendant Sunoco, Inc., except with respect to the actual controversy regarding infringement of the twelve patents asserted in this action.

14. Denies the allegations of paragraph 128 of the Answer and Counterclaims of Defendant Sunoco.

### **PRAYER FOR RELIEF**

**WHEREFORE**, Automated Transactions prays for judgment against Sunoco as follows:

1) That the Court enter judgment in favor of Automated Transactions on its First Amended Complaint in all respects as requested within the First Amended Complaint;

2) That the Court dismiss each of Sunoco's counterclaims with prejudice and deny the relief requested by the counterclaims;

3) That this case be declared an "exceptional case" within the meaning of 35 U.S.C. §285 and awarding treble damages and reasonable attorneys' fees to Automated Transactions;

4) Awarding Automated Transactions its costs, expenses and reasonable attorneys' fees as permitted by law; and

5) Awarding Automated Transactions such other and further relief as the Court deems just and proper.

Dated: July 19, 2012                              Respectfully Submitted By:

*[signature]*

Tannenbaum Helpern Syracuse &
Hirschtritt LLP
Albert L. Jacobs, Jr.
Gerard F. Diebner
John Murray
900 Third Avenue
New York, New York 10022
(212) 508-6700

## **CERTIFICATE OF SERVICE**

I hereby certify that on July 19, 2012, I electronically filed the foregoing with the Clerk of the Court using CM/ECF which will send notification of such filing(s) and thereby serve the following:

William Thomashower, Esq.
Schwartz & Thomashower, LLP
15 Maiden Lane, Suite 705
New York, NY 10038-5120
Tel: (212) 227-4300
Fax: (212) 227-4311